assuming that it was, she cannot prevail on her *ex post facto* claim. Like the statute in *Knuck,* 18 U.S.C. § 3642(b)(1) is ambiguous. *Brown,* 416 F.3d at 1273. However, unlike the changed interpretation in *Knuck,* Guanipa concedes the "BOP had consistently construed 18 U.S.C. § 3624(b)(1) against [her] interpretation both before and after [she] committed her offense in 1996." Based on this concession, Guanipa was not disadvantaged by 28 C.F.R. § 523.20.

### III. CONCLUSION

There are no grounds for this Court to overrule the *Brown* decision. Additionally, the rule of lenity does not apply and there is no *ex post facto* violation. Accordingly, we affirm the district court's denial of Guanipa's 28 U.S.C. § 2241 petition.

AFFIRMED.

P. Russel Myles, McDowell, Knight, Roedder & Sledge, LLC, Mobile, AL, for Defendant–Appellee.

Before HULL and WILSON, Circuit Judges, and GOLDBERG,* Judge.

PER CURIAM:

After review and oral argument, we find no reversible error in the district court's grant of summary judgment in favor of defendant Hartford Life on plaintiff Teresa Corkill's ERISA claims.

**AFFIRMED.**

---

Teresa K. **CORKILL,** Plaintiff–
Appellant,

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**
Defendant–Appellee.

No. 05–13088.

United States Court of Appeals,
Eleventh Circuit.

May 26, 2006.

Robert T. Bleach, The Soloway Law Firm, Pensacola, FL, for Plaintiff–Appellant.

---

**UNITED STATES** of America,
Plaintiff–Appellee,

v.

Ronel **CHRISPIN,** Defendant–
Appellant.

No. 05–14312
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 26, 2006.

* Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.